### SPURGIN v. ADAMSON.

1. **Mortgage Foreclosure: JUNIOR LIEN HOLDER NOT MADE A PARTY: TERMS OF REDEMPTION BY.** The decree in this case, defining the terms on which plaintiff might redeem the land from a mortgage foreclosure sale to which he was not made a party, being in conflict with the opinion of this court on a former appeal, (see 62 Iowa, 661,) the decree is reversed, and a decree is entered in this court in harmony with that opinion. (For facts see opinion.)

*Appeal from Warren Circuit Court.*

TUESDAY, DECEMBER 21.

THIS is action by a junior lien incumbrancer to redeem from a foreclosure to which he had not been made a party. The cause has already been in this court, and was remanded, with a direction that new parties be brought in, and decree rendered in harmony with the opinion. See 62 Iowa, 661, (668.) Decree has since been entered in the circuit court, and from that decree the defendants appeal. Facts necessary to an understanding of the case are set out in this opinion.

*J. H. Creighton* and *Henderson & Berry*, for appellants.

*L. Todhunter* and *H. McNeil*, for appellee.

ROTHROCK, J.—I. The facts are as follows, in order of time: (1) Nathan Adamson and his wife, Amy J., executed

a mortgage to Schooley on the S. $\frac{1}{2}$ of S. W. $\frac{1}{4}$ of section 12, township 75, range 22 W. fifth P. M. This mortgage was dated November 30, 1872. (2) December 8, 1873, the same parties executed a mortgage to Farr on the same land to secure the payment of $700. (3) January 13, 1878, plaintiff recovered judgments against Nathan Adamson, amounting to $312.50. (4) March 6, 1877, there was a decree of foreclosure of the Schooley mortgage for $354.60. (5) March 7, 1878, plaintiff obtained a sheriff's deed, under his judgment, for the east forty, less three acres. (6) May 4, 1878, Joseph Adamson received a sheriff's deed for the east forty, less three acres, also a sheriff's deed for the west forty, less three acres and the remaining three acres of the east forty. These two sheriffs' deeds were based on a foreclosure sale in parcels under the Schooley mortgage; the east forty selling at $300, and the homestead forty for a balance of $87.50. (7) September 12, 1878, Joseph Adamson and wife executed a mortgage of $1,000 to the Hartford Life & Annuity Insurance Company on the land, and used the money to purchase the Farr mortgage, which, by written agreement, was made junior to the mortgage to the insurance company. (8) The sheriffs' deeds under the Schooley foreclosure, and the Farr mortgage, were obtained and held by Joseph Adamson in trust for Amy J. Adamson, who was to have the same transferred to her upon repayment of the money advanced by Joseph Adamson. The homestead covered the west forty, except three acres out of the southwest corner, and the west three acres of the east forty.

II. This case was brought by plaintiff originally to enforce his right of redemption in the east forty, for which he held a sheriff's deed. The Adamsons were made parties defendant, but the insurance company was not made a party; and, when the cause was before us before, we held that plaintiff still had the equitable right to redeem; that the rights acquired under the Schooley and Farr mortgages were superior to the rights of plaintiff acquired under the execu-

tion sale on his judgments; and that, to exercise his right of redemption in the east forty, except three acres, to which alone his right of redemption applied, he must pay the whole amount of the Farr mortgage, and the amount of defendant's bid for that piece of land at the sale under the Schooley mortgage, together with interest. But, the insurance company not having been made a party, the cause was remanded to the court below for the purpose of having the insurance company brought in, and its rights determined. As to the rights of the other parties, the court below was directed to enter a decree in harmony with the opinion of this court.

After the cause has been remanded for determination as indicated, the plaintiff paid the amount of the mortgage to the Hartford Life & Annuity Insurance Company then due, being $1,045, and filed a supplemental petition asking to be subrogated to the rights of the insurance company, and asking a foreclosure of the latter mortgage against all the land, including the homestead. The circuit court entertained plaintiff's supplemental petition, decreed a foreclosure in favor of plaintiff on the mortgage, and ordered the land to be sold on special execution in parcels; the land other than the homestead to be sold first, and the proceeds to be applied as follows: " (1) To the payment of the mortgage known as the 'Schooley Mortgage,' with all interest and accrued costs; (2) the judgments in favor of the plaintiff against Nathan Adamson, with all interest and accrued costs, and nine dollars taxes paid by him; (3) the amount due upon the Hartford Life & Annuity Insurance Company mortgage, to-wit, $1,109.73, with ten per cent interest from this date, and the further sum of $100 as attorney's fees; (4) the amount due upon the mortgage known as the 'Farr. mortgage.' " It was further ordered that, in the event the said land should not sell for sufficient to pay the above claims, the homestead should be sold, and the money applied in the same order, except as to plaintiff's judgments.

If plaintiff was entitled to a decree of foreclosure, the decree cannot be approved, because it is in conflict with the former opinion of this court, in that it provides for a different order of redemption from that indicated in the opinion, by placing the plaintiff's judgment in seniority to the Farr mortgage. And there are other defects in this decree not necessary to be considered, in view of the following considerations: We do not think the plaintiff was entitled to a foreclosure of the mortgage paid by him to the insurance company, for the reason that the payment of the money on said mortgage by the plaintiff was intended to operate, not as a purchase of the mortgage, but as a satisfaction of the same. The testimony seems very clear upon this point; for, with the knowledge and consent of all parties to the transaction, the mortgage was satisfied in full upon the record, upon the payment of the $1,045 by the plaintiff. The decree of the circuit court must therefore be reversed, and the interests of the various parties must be adjusted as follows: Plaintiff must be allowed to redeem the east thirty-seven acres of S. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 12, township 75, range 22 W. of fifth P. M., as follows: (1) By paying the $300, the amount bid at the sale under the Schooley mortgage for said tract, together with interest provided by statute; (2) by paying the whole amount of the Farr mortgage, and interest, the plaintiff having paid the taxes. In making such redemption plaintiff will be entitled to and allowed credit for the amount of $1,045 paid in the satisfaction of the insurance company's mortgage, as of the time such payment was made. He will also be entitled to credit for $121, which it is agreed is the amount of rent, after deducting improvements. And a decree should be entered accordingly.

This disposes of all the questions touching plaintiff's right to redeem the lands bought by him at a sheriff's sale which did not cover the homestead, and for which alone he held the right of redemption. It disposes of all questions involved in the case. REVERSED.